No. 45,429

Marshall N. Dibble and Velma Dibble, his wife, *Appellees,* v.
The State Highway Commission of Kansas, *Appellant.*

(460 P. 2d 584)

Opinion
filed November 8, 1969.

*John A. McKinnon,* Assistant Attorney General, argued the cause, and *John
H. Morse, Randolph G. Austin, Robert D. Smith, Earl R. Hubbard* and *Roger
K. Weatherby,* Assistant Attorneys General, were with him on the brief for
the appellant.

*Robert Osborn,* of Stockton, argued the cause, and *Lloyd C. Bloomer,* of
Osborne, was with him on the brief for the appellees.

The opinion of the court was delivered by

Price, C. J.: In connection with a highway improvement project
the state highway commission brought a condemnation proceeding
against the affected landowner.

The award of the appraisers was $12,059.00—from which both
parties appealed.

Upon trial—the jury returned a verdict in the amount of
$19,000.00. The commission's motion for a new trial was over-
ruled, and judgment on the verdict was entered in favor of the
landowner.

The commission has appealed.

Only three contentions are made.

The first is that the trial court abused its discretion by unduly
limiting questions in the *voir dire* examination of the jury.

A brief answer to this contention is that the record contains
none of the *voir dire* examination and consequently there is nothing
before this court for review.

It next is contended the court erroneously permitted the landowner's witnesses to testify as to separate items of damage resulting from the partial taking.

The point is without merit. K. S. A. 26-513 (c) enumerates a number of factors which may be considered in ascertaining the amount of compensation and damages to be awarded. The testimony in question amounted merely to a breakdown of the various items and factors considered by the witnesses in arriving at their "before and after" values, and was quite properly allowed.

Finally, it is contended the court abused its discretion in permitting the jury to view the premises, and in not allowing the commission to reopen its case and present new evidence.

The date of "taking" was May 20, 1966. Trial of the case was in November 1967. At the pretrial conference the landowner made it clear he was requesting a view of the premises. At the close of the evidence the jury was sent to the scene—under proper instruction by the court. This was a matter within the sound discretion of the court under K. S. A. 60-248 (b).

The commission complains of the fact that because of construction work on the highway project the premises were not in the same "condition" when viewed by the jury as they were on the date of taking—and therefore it should have been allowed to reopen its case for further evidence as to such "changed conditions".

This contention likewise is without merit. Prior to the introduction of the commission's evidence it knew that the jury would be sent to the scene. It knew, or should have known, the condition of the premises, and had ample opportunity to present evidence in its case in chief as to the construction work being done. No element of "surprise" has been shown. The court did not abuse its discretion in ordering a view of the premises and, under the circumstances— in denying the request to reopen the case for further evidence.

In conclusion—it should be stated that the verdict was within the "range" of the evidence, and no contention is made with respect to it. No special findings were requested. No instructions were requested, and no objection was made to any of those given. No error being made to appear—the judgment is affirmed.